DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant John Robert North has appealed from the judgment of the Lorain County Court of Common Pleas which denied his motion to withdraw his guilty plea. We reverse.
 I {¶ 2} On March 31, 1997, Appellant pled guilty to aggravated robbery and aggravated burglary. The trial court sentenced Appellant to five years in prison. The trial court's journal entry appears to have struck any reference to post-release control. However, Appellant was placed on post-release control following his sentence. Appellant did not comply with the provisions of post-release control. *Page 2 
Consequently, he was indicted on one count of escape in violation of R.C. 2921.34. Appellant pled guilty to the charge of escape on September 28, 2004. Upon his release, Appellant was informed that his prior period of post-release control from his 1997 convictions was still in effect. Appellant again violated the terms of his release and was indicted for escape a second time on June 22, 2005. In the instant matter, Appellant violated the terms of his release by leaving the state without permission. Consequently, both of Appellant's escape charges resulted not from an "escape" in the traditional meaning of the word but through Appellant's failure to comply with the specific terms of post-release control.
 {¶ 3} On August 29, 2005, Appellant pled guilty to escape. Appellant was sentenced to one year in prison by the trial court. In its entry, the trial court neglected to inform Appellant of post-release control. Accordingly, on October 20, 2006, the trial court conducted a new sentencing hearing in order to properly inform Appellant of post-release control. During that hearing, Appellant moved to withdraw his guilty plea. The trial court heard Appellant's arguments and then orally denied the motion. The trial court then sentenced Appellant to one year in prison and informed him of post-release control. Appellant has timely appealed from the trial court's judgment, raising two assignments of error for review. *Page 3 
 Assignment of Error Number One "THE TRIAL COURT ERRED BY DENYING MR. NORTH'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.* * *"
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred in denying his presentence motion to withdraw his guilty plea. We agree.
 {¶ 5} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,526. Crim.R. 32.1 permits a defendant to file a presentence motion to withdraw his plea. Although a presentence motion to withdraw a guilty plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court.Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223. Moreover, "[a defendant] who enters a guilty plea has no right to withdraw it." Id. To prevail on a motion to withdraw a guilty plea a defendant must provide a reasonable and legitimate reason for withdrawing his guilty plea. State v. Dewille
(Nov. 4, 1992), 9th Dist. No. 2101, at *1, citing Xie,62 Ohio St.3d at 527; State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10.
 {¶ 6} During his hearing, Appellant introduced evidence that he was released from prison on March 18, 2005 for his initial escape conviction. Appellant's evidence indicated that he was not placed on the optional post-release *Page 4 
control that can accompany that offense. Appellant also introduced the judgment entry from his 1997 convictions for aggravated burglary and aggravated robbery. In that entry, the trial court did not impose post-release control on Appellant. Specifically, the trial court drew a line through the provision in its sentencing entry which discussed the imposition of post-release control.
 {¶ 7} Based upon that evidence, Appellant argued to the trial court that he was actually innocent of the charge of escape because he was not legally under detention at the time the escape offense was committed. Specifically, Appellant asserted that Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, mandated a finding that the imposition of post-release control on him by the Adult Parole Authority was void. InHernandez, the Court noted that "nothing in R.C. 2967.28 authorizes the Adult Parole Authority to exercise its postrelease-control authority if postrelease control is not imposed by the trial court in its sentence." (Emphasis omitted.) Id. at ¶ 18. On appeal, the State has conceded thatHernandez dictates a conclusion that the APA could not impose post-release control on Appellant from his 1997 convictions due to the trial court's failure to inform him of that sanction. The State, however, has urged that Appellant had notice of his post-release control and admitted to knowing those restrictions. This notice, however, does not cure the fact that Appellant's post-release control was void underHernandez and that the APA lacked the authority to supervise Appellant as a result. *Page 5 
 {¶ 8} Additionally, R.C. 2921.34(B), the statute defining escape, provides as follows:
 "Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility. In the case of any other detention, irregularity or lack of jurisdiction is an affirmative defense[.]"
Accordingly, the statute under which Appellant was indicted specified the defense he sought to raise in the trial court. Specifically, Appellant asserted that the APA lacked jurisdiction to impose post-release control on him because it was not contained in his 1997 sentencing entry. Based on Hernandez, Appellant's argument is legally correct. Moreover, without a valid form of detention, Appellant cannot be convicted of escape. As the trial court did not recognize the import of Hernandez, it abused its discretion. See State v. Ross, 9th Dist. No. 20980, 2002-Ohio-7317, at ¶ 27 (noting that "a mistake of law is equivalent to an abuse of discretion.").
 {¶ 9} Appellant's first assignment of error, therefore, has merit.
 Assignment of Error Number Two "MR. NORTH WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 10} In his second assignment of error, Appellant has argued that he received ineffective assistance of trial counsel. Based upon this Court's resolution *Page 6 
of Appellant's first assignment of error, his second assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
 III {¶ 11} Appellant's first assignment of error is sustained. Appellant's second assignment of error is moot and we decline to address it. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to Appellee.
CARR, J. CONCURS