THE STATE OF OHIO, APPELLEE, *v*. JORDAN, APPELLANT.

[Cite as *State v. Jordan*, 124 Ohio St.3d 397, 2010-Ohio-281.]

*To obtain a conviction for escape under R.C. 2921.34(A)(1), the state may prove that the defendant was subject to postrelease control without proving that during a sentencing hearing the trial court orally notified the defendant that he would be subject to postrelease control.*

(Nos. 2008-2119 and 2008-2172 — Submitted October 21, 2009 — Decided February 4, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Marion County, No. 9-08-11, 2008-Ohio-4647.

_____

SYLLABUS OF THE COURT

To obtain a conviction for escape under R.C. 2921.34(A)(1), the state may prove that the defendant was subject to postrelease control without proving that during a sentencing hearing the trial court orally notified the defendant that he would be subject to postrelease control.

_____

MOYER, C.J.

I

{¶ 1} The Third District Court of Appeals certified the following issue pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25: "If a defendant is under *actual* detention, can the defendant be convicted of escape under R.C. 2921.34(A)(1) when the record demonstrates that the defendant knew he was under detention or was reckless in that regard, irrespective of whether the defendant was *properly* under said detention?" (Emphasis sic.) We

recognized the certified conflict and also accepted the case on discretionary appeal.

{¶ 2} The determinative issue in this case is more narrow than the question certified by the court of appeals. We have previously held that the version of R.C. 2929.19(B)(3)[1] that is relevant in this case required a trial court to advise a defendant at the sentencing hearing of the possibility of postrelease control and that the failure to do so would result in a void sentence. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12. Here, the narrow issue before us is whether in order to prove the element of detention in a prosecution for escape, the state must show that the offender was notified of postrelease control pursuant to R.C. 2929.19 during the underlying sentencing hearing. We hold that the state may prove that an accused was under detention for purposes of a prosecution for escape under R.C. 2921.34(A)(1) without offering affirmative evidence that the sentencing court orally advised the offender of the possibility of the imposition of postrelease control.[2] Thus, we answer the narrowed issue in the affirmative and affirm the judgment of the court of appeals, albeit for reasons different from those stated by the court of appeals.

---

1. {¶ a} Former R.C. 2929.19(B)(3) provided:

{¶ b}"Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

{¶ c} "* * *

{¶ d} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;

{¶ e} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section." Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5707, 5743-5744.

2. In view of this holding, the conflict between the courts of appeals on the certified issue has been eliminated. Therefore, we do not address the question whether a person can be proved to be under detention for purposes of R.C. 2921.34(A)(1) if the evidence shows affirmatively that the trial court failed to meet its duties with regard to the imposition of postrelease control.

## II

{¶ 3} Rusty Jordan, appellant, pleaded guilty to several felonies in 2006. In its entry, the sentencing court imposed a three-year term of postrelease control. Jordan complied with the terms of his postrelease control for several months, reporting regularly to his parole officer. Jordan eventually failed to report for scheduled meetings with his parole officer, and it was determined that he had abandoned his approved residence. Eventually, Jordan was located, arrested, and charged with escape under R.C. 2921.34. A jury found him guilty of that offense.

{¶ 4} On appeal, Jordan argued that the state had not proven that he was "under detention" for purposes of R.C. 2921.34, because there was no proof that the sentencing court had orally advised him that he would be subject to postrelease control. The court of appeals affirmed, holding that (1) the state was not required to prove that the imposition of Jordan's postrelease control had been proper, but merely that Jordan knew he was under detention or was reckless in that regard, and (2) the state had met that burden.

{¶ 5} The court of appeals certified that its judgment conflicted with the judgment of the Ninth District Court of Appeals in *State v. North* (Oct. 9, 2007), Lorain App. No. 06CA009063, 2007-Ohio-5383. We recognized the conflict, accepted Jordan's appeal, and consolidated the cases. *State v. Jordan*, 120 Ohio St.3d 1484 and 1486, 2009-Ohio-278, 900 N.E.2d 196, 197.

## III

{¶ 6} Jordan's argument can be divided into the following components. The criminal escape statute, R.C. 2921.34(A)(1), requires the state to prove as an element of the offense that the defendant was "under detention"; "detention" is defined in R.C. 2921.01(E); in this case, the relevant portion of R.C. 2921.01(E) defines "detention" as "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution"; and the "supervision" required by R.C. 2921.01(E) could

arise in this case only as an element of the postrelease control imposed upon Jordan. Thus, Jordan argues that in order to prove such supervision, the state must offer evidence to show that when his sentence was imposed, the court properly advised him of postrelease control.

{¶ 7} In Jordan's view, the evidence of supervision was legally insufficient because the state did not prove that the sentencing court advised him of postrelease control as required by R.C. 2929.19, and, therefore, the state did not prove that the Department of Rehabilitation and Correction was authorized to supervise him. We are not persuaded by Jordan's argument. Supervision can be proven without evidence that the sentencing court advised an offender that he would be subject to postrelease control as required by R.C. 2929.19. When the parties do not submit evidence to show whether the sentencing court performed each of its duties for imposition of postrelease control, the question is simply whether the state provided sufficient evidence to prove that the defendant was under detention.

{¶ 8} The state provided ample evidence that Jordan was under the supervision of the Department of Rehabilitation and Correction. The relevant sentencing entry states that Jordan "may be subject to a period of three (3) years of postrelease control." Jordan was also advised of his postrelease control two weeks before his release from prison.

{¶ 9} Jordan signed a document detailing the conditions of his monitored time (one type of postrelease control) on the day after his release from prison. This document stated: "I understand if I am a releasee and abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the revised code." A few weeks later, when Jordan was arrested for an unrelated charge, his postrelease control was increased from monitored time to basic supervision.

{¶ 10} When he was placed on basic supervision, his parole officer met with him, explained the terms of basic supervision, and provided him with a

document entitled "Conditions of Supervision." This document also included the statement "I understand that if I am a releasee and abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code." Jordan signed a receipt indicating that he was to follow all the conditions of supervision listed on the document. Jordan initially complied with his reporting requirements. For many months, he contacted his parole officer and appeared for meetings when required. Jordan testified that before his release from prison, he was aware that he would be subject to postrelease control.

**{¶ 11}** Based on this evidence, we hold that the state proved beyond a reasonable doubt that Jordan was subject to supervision by the Department of Rehabilitation and Correction. The evidence shows that Jordan was "under detention" as "detention" is defined in R.C. 2921.01(E), and therefore the state proved that element of R.C. 2921.34(A)(1).

**{¶ 12}** Jordan directs us to the lack of proof in the record that the court orally advised him during sentencing that he would be subject to postrelease control. He directs us to cases in which we held that oral notification of postrelease control is a necessity for a validly imposed sentence. *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 12, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. However, this case differs from *Bezak* and *Jordan* because in those cases, the defendants directly challenged the validity of the imposition of their postrelease control as an aspect of their sentences. *Bezak*, 2007-Ohio-3250, ¶ 3-4; *Jordan*, 2004-Ohio-6085, ¶ 2-3. If this case had arisen as a direct challenge to Jordan's postrelease control via an appeal of his sentence, *Bezak* and *Jordan* would control. Instead, Jordan challenges the sufficiency of evidence on an element of the criminal offense of escape, and therefore ordinary standards regarding the sufficiency of evidence will apply.

**{¶ 13}** A reviewing court need not dwell on the question whether the sentencing court advised the defendant of postrelease control at the sentencing

hearing when the record is silent in that regard and there is uncontroverted evidence that the accused was indeed subject to supervision by the Department of Rehabilitation and Correction. Of course, it would be better practice for trial courts to note in the written sentencing entry that the defendant was orally advised of postrelease control on the record, and it may be advisable for the state to introduce transcripts or testimony, when available, to that effect. But when, as here, the evidence sufficiently proves that the defendant was under detention, such silence in the record is not fatal to the state's case. To obtain a conviction for escape under R.C. 2921.34(A)(1), the state may prove that the defendant was subject to postrelease control without proving that during a sentencing hearing the trial court orally notified the defendant that he would be subject to postrelease control.

{¶ 14} Our holding today does not reach the question whether a defendant can be convicted of escape when the evidence affirmatively demonstrates that the Department of Rehabilitation and Correction *lacked* the authority to supervise the accused. In *North*—the case that was cited by the court of appeals as being in conflict with this case—the evidence established that the sentencing court failed or declined to impose postrelease control upon the defendant. *North,* 2007-Ohio-5383, at ¶ 7-8. The provision of North's sentencing entry that imposed postrelease control had been struck through by the sentencing court. Id. at ¶ 7. Citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, the court of appeals held that the Adult Parole Authority lacked authority to impose postrelease control on North. Id. Consequently, the court held, North could not be convicted of escape, because he was never legally under supervision. Id.

{¶ 15} In this case, there was no evidence that postrelease control was improperly imposed or that the Department of Rehabilitation and Correction

6

lacked the authority to supervise Jordan. Instead, the evidence supports the conclusion that Jordan was subject to supervision.

## IV

{¶ 16} For the foregoing reasons, we answer the narrowed issue in the affirmative and affirm the judgment of the court of appeals.

Judgment affirmed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 17} I respectfully dissent because the majority opinion relieves the state of its obligation to prove detention as an element of escape under R.C. 2921.34(A)(1).

{¶ 18} Jordan argues that to prove that he was under detention for purposes of escape, the state must show that the court properly advised him of postrelease control when he was sentenced. This argument is persuasive, considering a line of decisions of this court. We have ruled that unless the defendant is advised of postrelease control both at the sentencing hearing and in the judgment entry, the Adult Parole Authority is without authority to impose it. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 20, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 19. Although in this case there is a sentencing entry that includes three years of postrelease control, the state has not provided evidence that the defendant was orally notified of postrelease control at the sentencing hearing.

{¶ 19} The majority holds that "the state may prove that an accused was under detention for purposes of a prosecution for escape under R.C. 2921.34(A)(1) *without offering affirmative evidence that the sentencing court orally advised* the offender of the possibility of the imposition of postrelease

7

control." (Emphasis added.) Majority opinion at ¶ 2. In other words, the state need not show that there was a valid sentence that placed the defendant under detention.

{¶ 20} In failing to require the state to show proper oral notification to the defendant, the majority retreats from the idea that unless a defendant is notified of postrelease control at sentencing, the sentence is void. See *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." (Citations omitted.) *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267-268, 39 O.O.2d 414, 227 N.E. 2d 223. In my view, this means that either a sentence is void and has no effect, or it is not void and does have effect.

{¶ 21} The majority opinion distinguishes *Bezak* and *Jordan* because in those cases the defendants directly appealed the validity of postrelease control as part of their sentence. *Bezak*, 2007-Ohio-3250, ¶ 3-4; *Jordan*, 2004-Ohio-6085, ¶ 2-3. It states that *Bezak* and *Jordan* would control if this case had arisen "as a direct challenge to Jordan's postrelease control via an appeal of his sentence." Majority opinion at ¶ 12. However, cases such as *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, show that a void sentence need not be challenged on direct appeal.

{¶ 22} From now on, apparently, the following will be sufficient proof of "detention": postrelease control in the sentencing entry, the defendant's knowledge of postrelease control before release from prison, the defendant's signature on a form detailing monitored-time conditions, or the defendant's contact with his or her parole officer. However, permitting these forms of proof contradicts precedent by allowing a defendant serving a void sentence, one that has "no effect," to be convicted of a new crime of escape, even though the

8

underlying sentence that allegedly imposed the detention is void. The majority concludes, "Our holding today does not reach the question whether a defendant can be convicted of escape *when the evidence affirmatively demonstrates that the Department of Rehabilitation and Correction lacked the authority* to supervise the accused." (Emphasis added.) Majority opinion at ¶ 14. Nevertheless, the state need not provide affirmative evidence of a valid detention as an element of escape by showing that there is a valid sentence allowing postrelease control of the accused. Thus, the state receives the benefit of the doubt on an element of the offense, even though a missing notification renders void a sentence for which postrelease control was imposed in the sentencing entry.

{¶ 23} I would require the state to prove that a defendant was notified of postrelease control at sentencing to show that the defendant was under valid detention for purposes of escape. I respectfully dissent and would reverse the defendant's conviction.

PFEIFER, J., concurs in the foregoing opinion.

_____

Brent W. Yager, Marion County Prosecuting Attorney, and Denise M. Martin, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

_____