[Cite as *State v. Robinson*, 2011-Ohio-1737.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :           C.A. CASE NO.    2010 CA 30

v.                                                        :           T.C. NO.    08CR205

MARK A. ROBINSON                           :             (Criminal appeal from
                                                                      Common Pleas Court)

    Defendant-Appellant                    :

                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   8th   day of   April  , 2011.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

STEPHEN P. HARDWICK, Atty. Reg. No. 0062932, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

      This matter is before the Court on the Notice of Appeal of Mark A. Robinson, filed October 5, 2010.  On August 19, 2008, Robinson was indicted on one count of escape, in violation of R.C. 2921.34(A)(1)(C)(2)(a), a felony of the second degree, after Robinson allegedly

violated the terms of his post-release control. The post release control purportedly arose as a result of Robinson's 1997 conviction for attempted murder, a felony of the first degree, in case number 1997 CR 212. The judgment entry in the 1997 matter provided in part, "The Court has further notified the defendant that post release control is optional in this case up to a maximum of three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control." We affirmed Robinson's conviction on direct appeal. *State v. Robinson* (June 12, 1998), Clark App. No. 97-CA-0073.

On October 1, 2008, Robinson pled no contest to escape. The trial court found him guilty and sentenced Robinson to a term of two years. On June 11, 2009, the trial court denied Robinson's motion for judicial release.

On June 30, 2010, Robinson filed a motion to withdraw his no contest plea. According to Robinson, he "is legally not guilty of the offense" of escape; since his judgment entry did not affirmatively state that he would be subject to mandatory post release control for five years following his release from prison, the Adult Parole Authority lacked authority to impose post release control. In other words, Robinson's detention following his release was "legally non-existent," and he accordingly could not "escape" therefrom.

In overruling Robinson's motion, the trial court found "that there is conflicting authority on the issues presented; specifically whether Defendant may be convicted of escape for events occurring while Defendant is on postrelease control when there is an error in the postrelease control notification for the underlying offense. See, e.g., *State v. North*, 9[th] Dist. No.

06CA009063, 2007 Ohio 5383 (defendant should have been permitted to withdraw guilty plea to escape charge); *State v. Renner* (Mar. 31, 2010), Montgomery C.P.Ct. No 2008 CR 2419 (granting Renner's motion to withdraw plea) [subsequently affirmed on appeal by *State v. Renner*, Montgomery App. No. 24019, 2011-Ohio-502]. Cf. *State v. Billeter*, 5th Dist. No. 2008 CA 00198, 2009 Ohio 2709 (finding Billeter's conviction for escape was not invalid because his sentencing entry in the underlying 1998 case was not void, even though it misadvised Billeter regarding the terms of his postrelease control). See, also, *Watkins v. Collins*, 111 Ohio St.3d 425, 2006 Ohio 5082."

The trial court further noted that "the Ohio Supreme Court has recently declined to address 'whether a defendant can be convicted of escape when the evidence affirmatively demonstrates that the Department of Rehabilitation and Correction *lacked* the authority to supervise the accused.' *State v. Jordan*, 124 Ohio St.3d 397, 2010 Ohio 281, ¶ 14 (emphasis original). Stated another way, *Jordan* does 'not address the question whether a person can be proved to be under detention for purposes of R.C. 2921.34(A)(1) if the evidence shows affirmatively that the trial court failed to meet its duties with regard to the imposition of postrelease control.' Id., ¶2 fn2.

"The Court notes that *North* is similarly distinguishable from this case. In *North*, there is no evidence that the defendant was advised of postrelease control, as the postrelease control notification in the sentencing entry was struck-through. In Defendant's 1997 case * * * Defendant was advised of postrelease control, albeit with incorrect information concerning total duration and whether postrelease control was mandatory.

"Further, the Court notes that Defendant was released from prison in the 1997 attempted

murder case on April 2, 2007 and that the escape charge in the instant case stems from events occurring on or about May 2, 2008 through July 27, 2008, clearly less than three years after Defendant was released from prison and well within the duration of postrelease control stated in the sentencing entry for the 1997 case.  See *Billeter*, ¶8, fn 1 (noting that, in similar circumstances, the defendant was charged with escape while on postrelease control less than the three year period stated in the underlying sentencing entry.)

"The Court chooses to follow the reasoning in *Billeter* and therefore declines to grant Defendant's motion to withdraw plea."

Robinson asserts one assignment of error as follows:

"THE TRIAL COURT ERRED BY DENYING HIS MOTION TO WITHDRAW HIS PLEA."

According to Robinson, his "conviction despite legal innocence is a manifest injustice."

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." CrimR. 32.1.

"'The distinction between pre-sentence and post-sentence motions to withdraw pleas of guilty or no contest indulges a presumption that post-sentence motions may be motivated by a desire to obtain relief from a sentence the movant believes is unduly harsh and was unexpected. The presumption is nevertheless rebuttable by showing of a manifest injustice affecting the plea. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another

form of application reasonably available to him or her." (Citation omitted) The movant has the burden to demonstrate that a manifest injustice occurred (citation omitted).' *State v. Brooks*, Montgomery App. No. 23385, 2010-Ohio-1682, ¶ 6-8.

"In *State v. Jordan*, 124 Ohio St.3d 397, 2010-Ohio-281, the Ohio Supreme Court held that in order to 'obtain a conviction for escape under R.C. 2921.34(A)(1), the state may prove that the defendant was subject to post-release control without proving that during a sentencing hearing the trial court orally notified the defendant that he would be subject to post-release control.' However, the Supreme court specifically stated in *Jordan* that its holding did not control in a situation similar to the instant case with respect to whether a defendant can be proved to be under detention for purposes of R.C. 2921.34(A)(1) if the evidence affirmatively establishes that the trial court failed to meet its duties with respect to the imposition of post-release control. 124 Ohio St.3d at 399.

"* * * R.C. 2967.28 provides that every prison sentence for a felony of the first degree or a felony sex offense shall include a mandatory five-year period of post-release control. (Citation omitted). A trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate the specifics of that notice into its judgment of conviction setting forth the sentence the court imposed. Crim.R. 32(C). *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085; *Hernandez v. kelly*, 108 Ohio St.3d 395, 2006-Ohio-126.

"As we recently noted in *State v. Terry*, Montgomery App. No. 09CA0005, 2010-Ohio-5391, among the most basic requirements of post-release control notification per R.C. 2967.28 and the Ohio Supreme Court's existing precedent is that the court must both notify the

offender of the length of the term of post-release control that applies to his conviction(s) and incorporate that notification into its journalized judgment of conviction pursuant to CrimR. 32(C). *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶ 69. Both are necessary in order to authorize the APA to exercise the authority that R.C. 2967.28 confers on that agency.

"In cases in which a trial judge does not impose post-release control in accordance with statutorily mandated terms, that portion of the sentence is void. *State v. Bloomer*, 122 Ohio St.3d 200, at ¶ 69, 71; *State v. Fischer*, Slip Opinion No. 2010-Ohio-6238, at ¶ 30; R.C. 2967.28(B). This holding only applies to defendants who were sentenced prior to July 11, 2006. * * * We also note that '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal *or by collateral attack*.' *State v. Fischer*, 2010-Ohio-6238, at ¶ 30." *State v. Renner*, Montgomery App. No. 24019, 2011-Ohio-502, ¶ 13-17.

Robinson was subject to a mandatory five-year term of post-release control based upon his conviction for attempted murder, a first degree felony. R.C. 2967.28(B)(1). The language in Robinson's 1997 judgment entry of conviction does not reflect that fact but instead indicates that post-release control is optional for a period of three years. Since the judgment entry failed to contain the statutorily mandated term of five years, it was insufficient to notify Robinson that he would be subject to the supervision of the APA. That portion of Robinson's sentence was, therefore, void. Accordingly, the APA lacked authority to enforce post-release control restrictions, and Robinson was not legally under detention at the time the alleged escape was committed. As we determined in *Renner*, and more recently in *State v. Pointer*, Montgomery App. No. 24210, 2011-Ohio-1419, a void post-release control supervision cannot support a

charge of escape.   In light of the forgoing, the trial court abused its discretion when it overruled Robinson's motion to withdraw his no contest plea.

Finally, we find the State's reliance upon *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, unpersuasive.   The petitioners in *Watkins* sought writs of habeas corpus seeking immediate release from prison because their sentencing entries did not contain adequate notice of mandatory post-release control but rather suggested that post-release control was discretionary.   In denying  the writs, the Supreme Court of Ohio noted that the "sentencing entries are sufficient to afford notice to a reasonable person that the courts were authorizing post release control as part of each petitioner's sentence."   Id., ¶ 51.   According to the Supreme Court, since the language in the entries was sufficient to authorize the APA to exercise post release control, "habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of post-release control."   *Watkins* is procedurally distinct in that Robinson, in seeking to withdraw his plea, appropriately pursued a legal remedy and not an equitable one.   Consistent with and in reliance upon the the Supreme Court's decision in *Jordan*, Justice Lanzinger in dissent in *Watkins* rejected the majority view that "mere substantial compliance is sufficient."   Id., ¶ 57. This position is in line with subsequent Supreme Court decisions regarding post-release control. See *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

For the foregoing reasons, Robinson's sole assigned error is sustained, and Robinson's conviction and sentence for escape are vacated.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio
Stephen P. Hardwick
Hon. Roger B. Wilson