[Cite as *State v. Edwards*, 2012-Ohio-4685.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA12 |
| | : | |
| vs. | : | **Released: September 25, 2012** |
| | : | |
| CHARLES EDWARDS, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Timothy Young, Ohio State Public Defender, and Craig M. Jaquith, Columbus, Ohio, Ohio State Assistant Public Defender, for Appellant.

Colleen S. Williams, Meigs County Prosecutor, and Amanda Bizub-Franzmann, Meigs County Assistant Prosecutor, Pomeroy, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellant Charles Edwards appeals his conviction in the Meigs County Court of Common Pleas for escape. Edwards raises five assignments of error, arguing 1) there was insufficient evidence to convict him; 2) the trial court erred in determining he was a repeat violent offender and imposing the maximum sentence when there was no specification to that effect; 3) the trial court erred when it imposed the sentence under the mistaken belief that Edwards could be released on "shock probation"; 4) the trial court erred when it permitted the jury to know Edwards had two previous felony convictions and gave no limiting instructions on how to use such information; and 5) he received ineffective assistance of counsel.

{¶2}Having reviewed the record, we find there was insufficient evidence to convict Edwards of escape because his previous convictions had improperly imposed postrelease control. Thus, we sustain Edwards' first assignment of error, which renders his remaining assignments of error moot, and vacate his conviction for escape.

FACTS

{¶3}On August 22, 2005, Edwards pled guilty to one count of robbery, a third-degree felony, and one count of fleeing, a third-degree felony. The trial court sentenced him to a prison term of three years on each count, to be served concurrently. The sentencing entries also informed Edwards "upon completion of any prison sentence imposed in this case he *will* be subject to *five years* of post release control under the direction of the Adult Parole Authority." (Emphasis added.)

{¶4}Edwards completed his prison term and in April 2009, met with Adult Parole Authority ("APA") officer Paul Koch ("Koch"). Koch supervised Edwards, who complied with the terms of postrelease control until October 2009, when Edwards ceased reporting to Koch. One month later, Koch declared Edwards an absconder and he had Edwards arrested for escape.

{¶5}Edwards' escape charge proceeded to a jury trial. The state introduced Koch's testimony that he had supervised Edwards, in addition to the sentencing entries from Koch's 2005 convictions that imposed the postrelease control. The

jury convicted Edwards of escape and the trial court sentenced him to five years for the escape conviction in addition to one year and 264 days, the amount of time remaining for Edwards' postrelease control.  Edwards now appeals.

## ASSIGNMENTS OF ERROR

I. "[Appellant's] conviction for escape was based upon insufficient evidence."

II. "The trial court erred by imposing a maximum sentence based upon a finding that [Appellant] was a "repeat violent offender" when the indictment contained no such specification."

III. "The trial court erred when it imposed a sentence under the mistaken belief that [Appellant] could be released on 'shock probation.'"

IV. "The trial court erred when 1) it allowed the jurors to learn that [Appellant] had two prior third-degree felony convictions, when only one was needed to establish an element of escape, and 2) provided no limiting instruction regarding the proper purposes for which the conviction could be considered."

V. "The performance of trial counsel was deficient, and deprived [Appellant] of the right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution."

I.

{¶6}In his first assignment of error, Edwards argues his conviction for escape was based upon insufficient evidence.  Specifically, he contends postrelease control was improperly imposed in his prior convictions and thus he was not legally under detention and could not commit the crime of escape.  The state counters that it sufficiently proved at trial Edwards was under detention and because he did not directly appeal his prior convictions, the present conviction for escape should stand.  As we find Edwards' prior convictions improperly imposed postrelease control and he was not under legal detention when he failed to report to Koch, we must vacate his conviction for escape.

A. Standard of Review

{¶7}When reviewing the sufficiency of the evidence, appellate courts look to the adequacy of the evidence and whether that evidence, if believed by the trier of fact, supports a finding of guilt beyond a reasonable doubt.  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991).  In other words, after viewing the evidence, and each inference that can reasonably drawn therefrom, in a light most favorable to the prosecution, could any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt?  *See State v. Were,* 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, at ¶ 132; *State v. Hancock,* 108 Ohio St.3d 57, 2006-

Ohio-160, 840 N.E.2d 1032, at ¶ 34; *State v. Jones*, 90 Ohio St.3d 403, 417, 739 N.E.2d 300 (2000).

## B. Legal Analysis

R.C. 2921.34 (A)(1) provides:[1]

No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

{¶8}For an escape to occur, there must have been a lawful detention. In Edward's case, the state argued the detention was the postrelease control that resulted from Edwards' two felony convictions in 2005. Yet, "in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 71. That is, if the imposition of postrelease control is flawed, there is no lawful detention. "A void [postrelease] control supervision cannot support a charge of escape." *State v. Renner*, 2d. Dist. No. 24019, 2011-Ohio-502, at ¶ 19. *See*, *also*, *State v. Pointer*, 2d Dist. No. 24210, 2011-Ohio-1419, at ¶ 28 (following *Renner*).

---

[1] Former version of R.C. 2921.34(A)(1), of which Edwards was convicted.

{¶9}The trial court must inform the offender of and include in its sentencing entry two basic facts: the length of the term of postrelease control and whether such postrelease control is mandatory. *Bloomer* at ¶ 69. "[A] sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 8. R.C. 2967.28(C) subjects an offender who was convicted of a third-degree felony to a discretionary period of up to three years of postrelease control. It does not subject such an offender to a mandatory five-year term of postrelease control.

{¶10} "[I]n cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms[,] * * * the sentence is void. Principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 30. "Although the interests in finality of a sentence are important, they cannot trump the interests of justice, which require a judge to follow the letter of the law in sentencing a defendant." *Fischer* at ¶ 23.

{¶11}Here, the Jackson County Court of Common Pleas sentenced Edwards to three years in prison for one count of robbery, to be served concurrently with a three-year term of imprisonment for one charge of fleeing. Both crimes were third-degree felonies. Yet instead of informing Edwards he was subject to a discretionary term of postrelease control of up to three years, the court informed

Edwards he was subject to a mandatory five-year term of postrelease control. This notification was erroneous, did not comply with R.C. 2967.28, and failed to accurately inform Edwards of the length of the period of postrelease control and whether such term was mandatory. Thus, Edwards' postrelease control stemming from his two convictions in 2005 was not properly imposed and is void.

{¶12}The state's reliance on *State v. Jordan*, 124 Ohio St.3d 397, 2010-Ohio-281, 922 N.E.2d 951 and *State v. Chandler*, 5th Dist. No. 2010-CA-00295, 2011-Ohio-4387, to suggest a contrary outcome is misplaced. In *Jordan*, the Supreme Court specifically noted that it was not addressing the issue that is before us in this appeal. And for that reason, the state's reliance on *Jordan* is misplaced: "Our holding today does not reach the question of whether a defendant can be convicted of escape when the evidence affirmatively demonstrates the Department of Rehabilitation and Correction lacked the authority to supervise the accused." *Jordan* at ¶ 14. Moreover, the holding in *Jordan* merely acknowledged that absent proof of whether the sentencing court properly imposed postrelease control, other evidence may be introduced to demonstrate a defendant was under detention. *Jordan* at ¶ 7.

{¶13} In *Chandler*, the defendant had pled guilty to escape, but later sought to withdraw his guilty plea because he alleged the APA had no authority to supervise him since the trial court had incorrectly informed him of postrelease control, which formed the basis of his escape charge. The court held Chandler's

postrelease control was void, but also held the doctrine of res judicata barred him from collaterally challenging the validity of the postrelease control via a motion to withdraw his guilty plea. *Chandler* at ¶ 15, 32. Even though *Fischer* explicitly acknowledged a void sentence to be attacked *at any time*, even collaterally, the court penalized Chandler for not filing a direct appeal in the case that originally improperly imposed the postrelease control or in the subsequent case surrounding the escape charge, and denied his motion to withdraw his guilty plea. Not only is *Chandler* non-binding, but we are unable to reconcile its holding with *Fischer*, which is binding.

{¶14}We recognize that like *Chandler*, the flawed postrelease control language in Edwards' 2005 sentencing entries cannot be corrected now because he has completed his prison terms on those cases. However, we cannot ratify a void postrelease control sanction and permit it to subsequently form the basis of a new conviction. Therefore, we sustain Edwards' first assignment of error, vacate his conviction and order him discharged. Edwards' remaining assignments of are moot.

**JUDGMENT VACATED**.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE VACATED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Kline, J: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**