[Cite as *State v. Cantwell*, 2019-Ohio-5395.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018 CA 00107 |
| BRIAN W. CANTWELL | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Court of Common Pleas, Case
                             No.18CR199

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 24, 2019

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

CLIFFORD MURPHY                 LISA TOME
Assistant Prosecutor            511 South High Street
20 South Second Street          Columbus, OH 43215
Newark, OH 43055

*Gwin, P.J.*

{¶1} Defendant-appellant Brian W. Cantwell ["Cantwell"] appeals his conviction and sentence after a negotiated guilty plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

{¶2} The Licking County Grand Jury returned a Fifteen Count Indictment against Cantwell, on March 29, 2018. A pre-trial conference was held on April 27, 2018. Cantwell filed a notice to enter pleas to ten of the fifteen counts and a forfeiture specification. A presentence investigation was ordered and the matter was set for a change of plea on July 2, 2018. The Trial Court sentenced Cantwell to an aggregate prison sentence of eight years that included one year of Post Release Control time Cantwell was under from his conviction in Licking County Common Pleas Case number 2015-CR-00514.

*Assignment of Error*

{¶3} Cantwell raises one Assignment of Error,

{¶4} "I. THE TRIAL COURT COMMITS PREJUDICIAL ERROR WHEN IT FAILS TO INTRODUCE ANY EVIDENCE, DOCUMENTARY OR OTHERWISE, TO SUPPORT CLAIM THAT APPELLANT HAD BEEN PLACED ON AND SUBSEQUENTLY VIOLATED ANY TERM OF POST RELEASE CONTROL."

*Law and Analysis*

{¶5} In his sole assignment of error, Cantwell contends that because the record in this matter is devoid of any evidence that Cantwell was placed on post-release control following his release from prison as a result from a previous case, the trial court erred in imposing a one-year sentence upon him pursuant to R.C. 2929.141. [Appellant's Brief at 8].

**STANDARD OF APPELLATE REVIEW.**

{¶6} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Walker,* at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**ISSUE FOR APPEAL**

*Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind of the fact that Cantwell was placed on post-release control following his release from prison on a previous case.*

{¶7} In support of his argument, Cantwell cites *State v. Johnson,* 9th Dist. Summit No. 25525, 2011-Ohio-3941 wherein the Court concluded that the state failed to

present any evidence that Johnson was placed on, or violated post-release control.  In *State v. Jordan,* 124 Ohio St.3d 397, 2010-Ohio-281, 922 N.E.2d 951, the Court parenthetically noted a list of the types of evidence that the Supreme Court found acceptable in establishing that  a defendant was on post-release control for purposes of the crime of  escape.  The fact of post-release control can be shown by:  the initial sentencing entry; the fact that the defendant was aware of the post-release control terms upon release from prison; the fact that the defendant signed forms detailing the post-release control conditions; or a defendant's contact with his or her parole officer.  *Jordan,* 124 Ohio St.3d 397, ¶8-¶11.

{¶8}    The Ninth District Court of Appeals has clarified the decision in *Johnson.* In *State v. Blackert,* the Court distinguished *Johnson,*

> This matter is unlike *State v. Johnson*, 9th Dist. Summit No. 25525, 2011–Ohio–3941, ¶ 23–25, wherein we concluded that the State failed to present any evidence that Mr. Johnson was placed on, or violated post-release control.  In *Johnson*, we cited to   *State v. Jordan*, 124 Ohio St.3d 397, 2010–Ohio–281, ¶ 6–15, which involved the evidence necessary to prove the crime of escape.  *Johnson* at ¶ 25.   In citing *Jordan*, we parenthetically noted a list of types of evidence that the Supreme Court found acceptable in establishing a defendant was on post-release control for purposes of escape.  *Johnson* at ¶ 25.  *However, in Johnson, we did not limit the types of acceptable evidence or even hold what evidence would be sufficient to establish whether a defendant was on post-release control at the time of the commission of felony for purposes of R.C. 2929.141.*  Given

the record before us, we conclude that Mr. Blackert has failed to demonstrate that the State offered no evidence that he was on post-release control at the time he committed the new felony.

9th Dist. Summit Nos. 27314, 27315, 2015-Ohio-2248, ¶21 (emphasis added).

{¶9} In *Blackert,* the Court noted that Blackert's attorney acknowledged that Blackert was on post-release control. 2015-Ohio-2248, ¶17; ¶20. Further, the Pre-Sentence Investigation Report in Blackert contained information about post-release control. 2015-Ohio-2248, ¶18; ¶20. The Court further noted that Blackert was serving post-release control for a second degree felony in the previous case and, therefore, his term of post-release control was for three-years pursuant to R.C. 2967.28(B)(2). 2015-Ohio-2248, ¶20. Therefore, it could not have expired before he committed the crime in the present case. Id.

{¶10} In the case at bar, the state's recitation of facts in support of the plea included the fact that "The Defendant was on parole at the time with Joe Buck." *Change of Plea and Sentencing Transcript,* filed Mar. 21, 2019 at 10. Cantwell's attorney agreed to all the facts presented except for the money amounts. Id. at 14. Cantwell admitted to the judge that, "I'm on PRC, sir." Id. at 20. Neither Cantwell nor his attorney argued to the trial court that he was not on post-release control or that the imposition of a sentence for the post-release control time was in error.

{¶11} Accordingly, we find that the record contains competent, credible evidence that Cantwell was under post-release control from another felony case at the time of his plea in the case at bar.

{¶12} Cantwell's sole assignment of error is overruled.

{¶13}   The judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur