[Cite as *State v. Billiter*, 2011-Ohio-2230.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2010CA00292 |
| DONALD BILLITER | |
| | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2004CR00452 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 9, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JOHN D. FERRERO, PROSECUTING ATTORNEY, STARK COUNTY, OHIO | STEPHEN P. HARDWICK Assistant Public Defender 250 East Broad Street, Suite 1400 Columbus, Ohio 43215 |
| BY: RONALD MARK CALDWELL Assistant Prosecuting Attorney Appellate Section 110 Central Plaza, South – Suite 510 Canton, Ohio 44702-1413 | |

*Hoffman, J.*

{¶1}  Defendant-appellant Donald Billiter appeals the denial of his motion to withdraw his plea of guilty in the Stark County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  In 1998, Appellant entered a plea of guilty to one count each of aggravated burglary and domestic violence.  As a result of his plea and subsequent conviction, Appellant was sentenced to an aggregate prison term of three years.  The sentencing judgment entry included an incorrect statement of his post-release control obligations.  The trial court's entry noted Appellant would be subject to post-release control for a period of up to three years.

{¶3}  The Court had further notified the defendant post release control is mandatory in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code 2967.28.  The defendant was ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

{¶4}  Appellant was released from prison on May 20, 2001.  Within the three year period of post release control, Appellant entered a plea of guilty to escape from his post release control detention on April 26, 2004.  On June 3, 2004, the trial court sentenced Appellant to a community control sanction on his escape conviction.  Appellant did not file an appeal.  Subsequently, Appellant violated the terms and

---

[1] A statement of the facts is unnecessary to our disposition of the within appeal.

conditions of his community control sanction, resulting in the revocation of his probation by the trial court. The trial court then sentenced Appellant to a six year prison term. Appellant did not appeal the revocation or the imposition of the prison sentence.

{¶5} On July 21, 2008, Appellant filed a motion to suspend further execution of sentence based upon *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126. However, the trial court overruled the motion finding the imposition of the erroneous period of post-release control benefitted Appellant; not prejudiced him as Appellant had committed the escape within the lesser time period.

{¶6} Appellant filed an appeal of the trial court's judgment entry overruling his motion to suspend execution to this Court. Appellant argued the trial court should have vacated the escape conviction as he was not validly on post-release control This Court rejected the argument, affirming the judgment of the trial court, citing the Ohio Supreme Court's opinion in *Watkins v. Collins*, 111 Ohio St.3d 425. The next day, the Ohio Supreme Court announced its decision in *State v. Bloomer* 122 Ohio St.3d 200, 2009-Ohio-2462. In *Bloomer*, the Supreme Court held a sentence including a term of post-release control is void where the trial court failed to "notify the offender of the mandatory nature of the term of post-release control and the length of that mandatory term and incorporate that notification into its entry". Appellant did not seek reconsideration or appeal this Court's decision to the Ohio Supreme Court.

{¶7} In 2010, Appellant filed a motion to withdraw his guilty plea on the ground his conviction for the offense of escape was a nullity. The trial court overruled the motion based, in part, on res judicata.

{¶8} Appellant now appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED BY DENYING HIS MOTION TO WITHDRAW HIS PLEA."

{¶10} Ohio Criminal Rule 32.1 governs motions to withdraw pleas, and reads:

{¶11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} Appellant argues the trial court erred in denying his motion to withdraw his plea of guilty to the charge of escape because his conviction of escape was based upon "detention" which resulted from a void sentence. Specifically, Appellant argues the Adult Parole Authority was without authority to enforce his post-release control as the same arose from a void sentence because the imposing court failed to properly impose a mandatory five year term of post release control.

{¶13} Ohio law states that portion of a sentence which does not include the statutorily mandated terms of post-release control is void. *State v. Fischer* 2010-Ohio-6238. Here, Appellant was not properly advised of the terms of post-release control when he was sentenced on the aggravated burglary and domestic violence charges; therefore, that part of his sentence imposing post control release is void. Because Appellant had already served the prison term of the sentence, he could not then be resentenced to properly impose the correct terms of post-release control. *State v. Bezak* 114 Ohio St.3d 94, 2007 Ohio 3250. Nevertheless Appellant plead guilty to the escape charge based upon the improperly imposed post release control. The trial court properly imposed sentence on the escape charge.

{¶14} The issue becomes whether Appellant's conviction for escape is void because it was based on a void post release control order. We hold it is not.

{¶15} In a analogous situation in *State v. Huber*, 2010-Ohio-5598, the Eighth District addressed the issue as to whether a void sentence could lawfully serve as a predicate to a repeat violent offender specification, where, as here, the sentence had already been served and could not be corrected. The court held,

{¶16} "A review of the record reveals that appellant was not advised of postrelease control when he was sentenced in CR-407661, and thus the sentence in that case is void. *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16. A void sentence is a legal nullity and should be treated as if it never occurred. *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 25. Because a conviction encompasses both a finding of guilt and imposition of a sentence, appellant argues that there was no valid conviction in CR-407661, and therefore CR-407661 could not precipitate a repeat violent offender specification.

{¶17} "In *Bezak,* the defendant was not properly notified of postrelease control when his sentence was imposed, and thus his sentence was void. *Id.* at ¶ 16. Because the defendant in *Bezak* had already served his sentence, the Court held that he could not be resentenced and postrelease control could not be imposed. *Id.* at ¶ 18. Appellant relies on this outcome to argue that his sentence cannot be corrected and will remain void; therefore, it is to be ignored and cannot serve as the basis for a repeat violent offender specification. We find that appellant is construing the holdings in *Bezak* and its progeny too narrowly.

**{¶18}** "'As a court of law, we must be careful to avoid obtaining results that are absurd or unreasonable whenever possible.' *State v. Biondo,* Portage App. No.2009-P-0009, 2009-Ohio-7005, ¶ 45. As in the instant case, the defendant in *Biondo* had already served his sentence when the court realized that the sentence was void. Biondo sought to avoid his obligation to pay mandatory fines and costs by arguing that the void sentence was a legal nullity. The court in *Biondo* rejected this argument and held that '[t]owards this end, the order set forth in *Bezak* implies that a conviction (guilt plus sentence) can withstand a court's determination that a felon was not provided adequate statutory notice of post-release control. Such a conclusion can only be drawn by treating, at the very least, the completion of a term of imprisonment (following a valid finding of guilt), as sufficient to meet the definition of a sentence under the unique circumstances created by the facts in *Bezak* and, by implication, the facts of the case sub judice.' *Biondo* at ¶ 48.

**{¶19}** "In *Bezak,* the court noted that, although a sentence imposed without the defendant being advised of postrelease control is ordinarily void, Bezak could not be resentenced because he had already completed his term of imprisonment. *Bezak* at ¶ 18. It is noteworthy, however, that the court in *Bezak* did not vacate the conviction, but merely remanded the case to the trial court with instructions to note on the record that Bezak had completed his sentence and would not be subject to resentencing. *Id.* As noted in *Biondo,* this holding "has odd conceptual implications: Bezak's sentence was void and therefore a legal nullity because he was not properly notified of the possibility of post-release control; however, the court made a point to emphasize that he had already served his sentence. This begs the question: How can one have served a

sentence that does not exist? Much like a Zen Koan, such a paradox cannot be resolved by deductively following the concepts which created the entanglement, but must be *dissolved* by following a different course." (Emphasis in original.) *Biondo* at ¶ 47.

{¶20} "Numerous complications have resulted from the holdings in *Bezak* and its progeny. It is illogical to presume, however, that the Ohio Supreme Court intended *Bezak* to stand for the proposition that an unchallenged sentence that is technically "void" due to an improper postrelease control advisement cannot then serve as the basis for a repeat violent offender specification, especially in a case such as this where the offender has already completed his prison sentence."

{¶21} Because we find Appellant's conviction for escape is not void, res judicata applies based upon Appellant's failure to directly appeal his escape conviction and this Court's prior opinion affirming the trial court's subsequent denial of his motion to suspend further execution of sentence.

{¶22} We find Appellant's conviction on the escape charge and subsequent sentence do not constitute a manifest injustice under the circumstances of this case. Accordingly, the sole assignment of error is overruled.

**{¶23}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
    Plaintiff-Appellee                 :
                                          :
-vs-                                      :           JUDGMENT ENTRY
                                          :
DONALD BILLITER                           :
                                          :
    Defendant-Appellant                :           Case No. 2010CA00292


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY