[Cite as *State v. Chandler*, 2011-Ohio-4387.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00295 |
| WILLIAM B. CHANDLER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Stark County
Court of Common Pleas, Case No. 2007-
CR-0915

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        August 29, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        E. KELLY MIHOCIK
Prosecuting Attorney        Office of Ohio Public Defender
By: RENEE M. WATSON        250 Broad St., Ste. 1400
Assistant Prosecuting Attorney        Columbus, OH 43215
110 Central Plaza South, Ste. 510
Canton, OH  44702-1413

*Gwin, P.J.*

{¶1}  Appellant, William B. Chandler, appeals a judgment of the Stark County Common Pleas Court overruling his motion to withdraw his guilty plea to one count of escape (R.C. 2921.34(A)(1)(C)(2)(B)).  Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  In 2005, appellant entered a guilty plea to one count of domestic violence, a felony of the third degree.  His plea form advised him that he would be subject to a mandatory period of post-release control for a maximum of three years.  Similarly, his sentencing entry stated that "post-release control is mandatory in this case up to a maximum of three (3) years."  Appellant did not appeal.

{¶3}  Following his release from prison, appellant began serving his period of post-release control.  In March, 2007, he was charged with escape for failing to return to intermittent confinement.  In June, 2007, he entered a plea of guilty and was sentenced to four years community control in August, 2007.  Again he did not appeal the judgment.

{¶4}  Appellant violated the terms of his community control in October 2009, when he was arrested for operating a vehicle under the influence, possession of drug paraphernalia and violating his curfew.  In November of 2009, the trial court revoked appellant's community control and sentenced him to five years' incarceration.  Appellant did not challenge this judgment.

{¶5}  On March 24, 2010, appellant filed a motion to withdraw his 2007 guilty plea to one count of escape.  He argued that because post-release control was not properly imposed in 2005, that portion of the judgment imposing post release control was void.  Because post release control was not properly imposed, he could not be

convicted of escape for violating the terms of a void judgment. The court overruled the motion, finding his challenge barred by res judicata. Appellant assigns a single error on appeal:

**{¶6}** "RES JUDICATA DOES NOT APPLY WHEN CHALLENGES ARE MADE TO VOID SANCTIONS. IT WAS LEGALLY IMPOSSIBLE FOR MR. CHANDLER TO ESCAPE FROM POST RELEASE CONTROL BECAUSE THAT SANCTION WAS VOID. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RELIED ON PRINCIPLES OF RES JUDICATA WHEN IT DENIED MR. CHANDLER'S MOTION TO WITHDRAW HIS GUILTY PLEA."

I.

**{¶7}** In June 2007 appellant was placed on community control when he pled guilty to Escape. At that time the trial court reserved a five year prison term. R.C. 2929.15(B) applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. In 2009 appellant was sentenced to prison for a violation of the community control sanctions that were imposed in 2007. Appellant in this appeal seeks to avoid the five year prison sentence imposed for violating the community control sanctions by withdrawing the plea he entered in 2007 because the trial court imperfectly explained the three year period of post-release control for appellant's conviction for domestic violence in 2005.

**{¶8}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v.*

*United States* (1962), 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce* (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762.

{¶9} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard,* 66 Ohio St.2d at 475, 20 O.O.3d at 398, 423 N.E.2d at 117, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶10} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

{¶11} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the case at bar, because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice."

{¶12} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208. "'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *Ruby* at ¶ 11, quoting *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5. Accordingly, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith,* 49 Ohio St.2d at 264.

{¶13} In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Supreme Court of Ohio held "the de novo sentencing procedure detailed in the decisions of the Ohio Supreme Court is the appropriate method to correct a criminal sentence imposed prior to July 11, 2006, that lacks proper notification and imposition of post-release control." Id. at ¶ 35. In the case at bar, appellant was originally sentenced May 19, 2005. At the outset, we note that appellant never challenged the imposition of post-release control in the case which imposed it, i.e. Stark County Court of Common

Pleas, Case No. 2005CR0526, by filing a motion to correct the sentence, or a direct appeal.

**{¶14}** As noted by the Ohio Supreme Court, a court imposing mandatory post-release control is required "to include in the sentencing entry a statement that [the] offender convicted of a first or second-degree felony offense *will* be subject to post-release control after leaving prison." *State v. Bloomer,* 122 Ohio St. 3d 200, 909 N.E. 2d 1254, 2009-Ohio-2462, ¶ 68. (Emphasis in original). In *Bloomer*, the court specifically noted that, "the trial court failed to state the length of the post-release control term." Id. at ¶69.

**{¶15}** As a result, because the trial court's sentencing entry does not include a statement indicating appellant was subject to a mandatory three-year term of post-release control upon his release, it does not conform to statutory mandates, and therefore, is void. See Id*.;* see, also, *State v. Jordan,* 104 Ohio St.3d 21, 817 N.E.2d 864, 2004-Ohio-6085; *State v. Bezak,* 114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250; *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197; *State v. Boswell,* 121 Ohio St.3d 575, 906 N.E.2d 422, 2009-Ohio-1577; *State v. Green*, Stark App. No. 2010CA00198, 2011-Ohio-1636 at ¶16. However, this does not end our inquiry because appellant is appealing not from the imposition of post-release controls in the 2005 case; rather he is appealing from the trial court's denial of his motion to withdraw his plea to Escape which he entered June 25, 2007.

**{¶16}** In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-

3748 at ¶ 32; *State v. Aleshire*, Licking App. No. 2007-CA-1, 2008-Ohio-5688 at ¶ 10. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark*, 119 Ohio St.3d at 244, 893 N.E.2d at 499, 2008-Ohio-3748 at ¶ 31.

**{¶17}** In *State v. Clark,* supra, the Ohio Supreme Court set forth the following procedure for a reviewing court, "When the trial judge does not substantially comply with Crim.R. 11 in regard to a non-constitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory post-release control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is 'whether the plea would have otherwise been made.' *Nero* at 108, 564 N.E.2d 474, citing *Stewart*, Id. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of post-release control, the plea must be vacated. See *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. "A complete failure to comply with the rule does not implicate an analysis of prejudice." Id. at ¶ 22, 881 N.E.2d 1224.

**{¶18}** In *Clark*, the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the substantial compliance test. 119 Ohio St.3d at 244, 893 N.E.2d at 469, 2008-Ohio-3748 at ¶ 31. (Citations omitted).

**{¶19}** The Ohio Supreme Court stated in *State v. Sarkozy*, supra, that the total failure of the trial court to mention that the defendant was subject to mandatory post-release control (which is part of the maximum penalty) was a complete failure to comply with Crim.R. 11 and required that the plea be vacated without consideration of the issue of prejudice. See, also *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748 at ¶ 32. *Sarkozy* supra involved the trial court's denial of the defendant's pre-sentence motion to withdraw his guilty plea. Id. at ¶ 5, 881 N.E.2d 1224. The trial court denied the motion and proceeded with sentencing the appellant. Id. The appellant then filed a direct appeal of the trial court's denial of his motion.

**{¶20}** In *State v. Clark*, supra, a case decided after *Sarkozy*, the Ohio Supreme Court concluded that "[i]f a trial judge, in conducting a plea colloquy, imperfectly explains non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies on appellate review; under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld." Id. at ¶ 31, 881 N.E.2d 1224.

**{¶21}** In the case at bar, at the original sentencing hearing held May 19, 2005, the appellant was advised that he 1). Was subject to mandatory post-release control; and 2). That the period of post-release control would not exceed three years. Thus, the case at bar concerns a misstatement not a complete failure to inform appellant that he is subject to post-release control in 2005.

{¶22} Recently, the Ohio Supreme Court in *State v. Fischer,* 128 Ohio St. 3d 92, 2010– Ohio– 6238 concluded that the defendant is only entitled to a hearing for the proper imposition of post-release control. Accordingly, appellant may not raise new issues, or issues he had previously raised on his direct appeal. See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831. Accordingly, appellant's conviction and sentence for domestic violence is unaffected and remains valid.

{¶23} Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233, reaffirming *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. "More specifically, a criminal defendant cannot raise any issue in a post sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Reed*, Mahoning App. No. 04 MA 236, 2005-Ohio-2925, 2005 WL 1385711; *State v. Zinn*, Jackson App. No. 04CA1, 2005-Ohio-525, 2005 WL 318690; *State v. Robinson*, Cuyahoga App. No. 85266, 2005-Ohio-4154, 2005 WL 1926043; *State v. Rexroad*, Summit App. No. 22214, 2004-Ohio-6271, 2004 WL 2674605; *State v. Reynolds*, Putnam App. No. 12-01-11, 2002-Ohio-2823, 2002 WL 1299990; *State v. Wyrick* (Aug. 31, 2001), Fairfield App. No. 01 CA17, 2001 WL 1025811; *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98-T-0182, 2000 WL 522440; *State v. Jeffries* (July 30, 1999), Wood App. No. L-98-1316, 1999 WL 550251." *State v. Brown*, supra 167 Ohio App.3d 242, 2006-Ohio-3266, at ¶ 7. Importantly, "an

undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3393.  See also *State v. Copeland-Jackson*, Ashland App. No. 02COA018, 2003-Ohio-1043 ( [t]he length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred.

**{¶24}** In the case at bar, appellant has not explained the nearly three-year delay in filing his motion to withdraw the negotiated guilty plea to the Escape charged which he entered in 2007 and the over five-year delay in contesting the imposition of post-release control in his original sentence entered in 2005.  Nor has he provided any explanation for not filing a direct appeal in either case.

**{¶25}** In *Fischer,* the Supreme Court made clear that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus. The application of res judicata to a motion to withdraw is not impacted by a void sentence.

**{¶26}** In *State v. Fountain,* 8th Dist. Nos. 92772 and 92874, 2010–Ohio–1202 the appellant raised the issue that Chandler is raising here. Fountain argued "that his plea was not voluntary because the trial court misinformed him at his plea hearing that he *may receive,* rather than that he would receive, post-release control." (Emphasis added.) Id*.* at ¶ 11.  The court rejected that argument, however, because "Fountain could have raised that issue on direct appeal." Id. Therefore, the Court in *Fountain*

concluded that Fountain's motion was barred by res judicata, and overruled his assigned errors pertaining to his motion to withdraw. See also, *State v. Bell,* 8th Dist. No. 95719, 2011-Ohio-1965 at ¶32-33.

**{¶27}** In the case at bar, appellant attempts to leap-frog his 2007 plea by invalidating the post-release control portion of his 2005 sentence. In this case appellant could have raised the imprecise nature of the trial court's post-release control language in a direct appeal from his 2005 sentence for domestic violence or in a petition for post-conviction relief while he was imprisoned.  He did not. Had appellant raised the issue at that time then the proper procedure would have been to simply hold a new sentencing hearing limited to proper imposition of post release control. *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238, paragraph two of the syllabus.

**{¶28}**  After he was released from prison and the Adult Parole Authority imposed post-release control, appellant could have sought relief from the imposition of post release control.  Again he did not.

**{¶29}** Appellant could again have raised any problem with the nature of post-release control in the trial court at the time he was charged with Escape in 2007. Again, he did not. Nor did he file an appeal from his conviction and sentence in that case.

**{¶30}** Rather than avail himself of any of these remedies appellant waited until he completed his sentence for domestic violence, was charged with a new offense, pled guilty to that offense, was sentenced and completed nearly two years of community control sanctions on that offense, and was sentenced to prison for violating the community control sanctions in that case before he made his first attempt to challenge the imposition of post-release control by the trial court in 2005.

{¶31} The unfortunate result of the Supreme Court's "void sentence" language is that defendants are encouraged not to challenge technically incorrect post-release control orders until after they are released or until after they are charged with a violation or a new crime because the problem cannot then be rectified.

{¶32} In the case at bar, appellant pled guilty to Escape. A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce* (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762. In this matter, appellant contends that his plea in 2007 was not voluntary because the trial court in 2005 misinformed him at his plea hearing that he may receive, rather than that he would receive, post-release control. However, appellant could have raised the issue that the trial court imprecisely informed appellant about the length of post-release control on direct appeal in 2005 or at least on a direct appeal in 2007. Therefore, his motion to withdraw his guilty plea filed in 2009 is barred by res judicata.

{¶33} Appellant's sole Assignment of Error is overruled.

**{¶34}** The judgment of the Stark County Common Pleas Court is affirmed.

By Gwin, P.J., and

Hoffman, J., concur

Edwards, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0808

EDWARDS, J., DISSENTING OPINION

{¶35} I dissent from the majority opinion. I agree with the majority that the postrelease control portion of appellant's underlying sentence for domestic violence was void. However, I would find that because that portion of the sentence was void and because a violation of the void portion of the sentence gave rise to the charge of escape, appellant was not barred by res judicata from withdrawing his plea to escape.

{¶36} I find the majority's discussion of Crim. R. 11 and whether the court substantially complied when informing appellant of postrelease control to be irrelevant in the instant case. This is not a case where he is seeking to withdraw a plea because he was not properly advised of postrelease control. Rather, he is seeking to withdraw the plea because it is impossible for him to commit the crime of escape when the criminal act is predicated on his violation of a void sentence.

{¶37} A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332, 2010-Ohio-6238, paragraph one of the syllabus. I would therefore conclude that appellant was not barred by res judicata from attacking the validity of the imposition of postrelease control by way of a motion to vacate his guilty plea in his escape case, which was based on the void portion of his domestic violence sentence.

{¶38} In *State v. Billiter*, Stark App. No. 2010CA00292, 2011-Ohio-2230, this Court found on nearly identical facts to the instant case that res judicata applied based on the appellant's failure to directly appeal his escape conviction and this Court's prior

opinion affirming the trial court's denial of his motion to suspend further execution of sentence. This Court relied on *State v. Huber*, 2010-Ohio-5598, in which the Eighth District Court of Appeals held that a conviction in which postrelease control was properly imposed could be used as a predicate to a repeat violent offender specification. However, in *Fischer*, supra, the Ohio Supreme Court held that although res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer*, supra, paragraph three of the syllabus. Thus in *Huber*, the conviction itself and the lawful portions of the sentence were not void, and thus could be used as a predicate to a repeat violent offender specification. In *Billiter*, as in the instant case, the void portion of the sentence is the very portion which appellant was accused of violating in his escape conviction. Therefore, I do not agree with the decision in *Billiter*.

{¶39}  I would find that because appellant was not validly advised of postrelease control, that portion of his domestic violence sentence was void.  Because this is the very portion of his domestic violence sentence which he pleaded guilty to have violated in his escape conviction and which may be challenged at any time, I would conclude that the trial court erred in finding his motion to withdraw his plea barred by res judicata.

_____

Judge Julie A. Edwards

[Cite as *State v. Chandler*, 2011-Ohio-4387.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
          Plaintiff-Appellee           :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
WILLIAM B. CHANDLER                    :
                                       :
                                       :
          Defendant-Appellant          :          CASE NO. 2010-CA-00295


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Stark County Common Pleas Court is affirmed.  Costs to appellant.


                                      _____
                                      HON. W. SCOTT GWIN


                                      _____
                                      HON. WILLIAM B. HOFFMAN


                                      _____
                                      HON. JULIE A. EDWARDS