THE STATE OF OHIO, APPELLEE, *v.* BILLITER, A.K.A. BILLETER, APPELLANT.

[Cite as *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144.]

*Criminal law—Postrelease control—Res judicata—When a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier postrelease-control sentencing error.*

(No. 2011-1501—Submitted May 22, 2012—Decided November 7, 2012.)

CERTIFIED by the Court of Appeals for Stark County,

No. 2010C400292, 2011-Ohio-2230.

_____

### SYLLABUS OF THE COURT

When a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier postrelease-control sentencing error.

_____

**MCGEE BROWN, J.**

{¶ 1} We are asked to resolve a certified conflict between the Fifth and Second District Courts of Appeals on whether res judicata bars a criminal defendant from arguing that his plea is void due to an earlier postrelease-control sentencing error when the defendant has entered a plea of guilty to escape. We hold that if a trial court improperly sentences a defendant to a term of postrelease control and the defendant subsequently pleads guilty to violating the terms of that postrelease control, the defendant is not barred by principles of res judicata from collaterally attacking his conviction as void.

### I. Factual and Procedural Background

{¶ 2} In 1998, appellant, Donald Jack Billiter III, also known as Billeter III, pled guilty to charges of aggravated burglary and domestic violence, felonies

of the first and fifth degrees respectively, and was sentenced to three years in prison. The trial court's sentencing entry imposed a mandatory term of postrelease control of "up to a maximum of three (3) years." In fact, however, R.C. 2967.28(B) requires five years of postrelease control for a first-degree felony, not up to three years. Billiter did not appeal his conviction and sentence.

{¶ 3} On May 20, 2001, Billiter was released from prison and was put under the supervision of the Adult Parole Authority for his postrelease control. Billiter complied with the terms of postrelease control until March 2004, less than three years after his release. Billiter was indicted on a charge of escape, in violation of R.C. 2921.34, a second-degree felony, and pled guilty the next month. In June 2004, the trial court sentenced Billiter to three years of community control. Billiter did not appeal.

{¶ 4} Almost immediately, Billiter violated the terms and conditions of his community-control sanctions. On August 26, 2004, the trial court revoked his probation and sentenced him to six years' imprisonment for escape. Billiter did not appeal this judgment.

{¶ 5} In July 2008, Billiter filed a pro se motion from prison asking the court to vacate his conviction and order his release. Citing our recent precedent, he alleged that because the postrelease-control portion of his 1998 sentence was contrary to law—up to three years instead of the mandatory five—it was void. Because this part of the sentence was void, he continued, he is innocent of the charge of escape. The trial court denied his motion, and Billiter appealed. The Fifth District Court of Appeals affirmed the denial and held that based on a habeas corpus case, *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, the trial court's incorrect sentence had nevertheless given Billiter proper notice that he was subject to postrelease control, and so the sentence was not void. Consequently, res judicata applies to his conviction for escape. *State v. Billeter*, 5th Dist. No. 2008 CA 00198, 2009-Ohio-2709, ¶ 13, 21. Billiter did not

appeal to this court for discretionary jurisdiction. Shortly thereafter, we issued *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, which held, "[I]n the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." Id. at ¶ 70. Billiter did not file a motion for reconsideration of the Fifth District's decision.

{¶ 6} In 2010, 12 years after his original sentence was imposed, Billiter, through counsel, moved to withdraw his 2004 guilty plea to escape, on the theory that he had never been legally placed on postrelease control. Therefore, he claimed, "he is actually innocent" of the crime of escape and is serving a sentence that is a legal nullity. The trial court denied his motion, and the Fifth District affirmed. *State v. Billiter*, 5th Dist. No. 2010CA00292, 2011-Ohio-2230, ¶ 21. Subsequently, the Fifth District certified a conflict to this court regarding its decision and three cases from the Second District Court of Appeals: *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853 (2d Dist.2011); *State v. Robinson*, 2d Dist. No. 20120 CA 30, 2011-Ohio-1737; and *State v. Renner*, 2d Dist. No. 24019, 2011-Ohio-502. Upon review of that order, we determined that a conflict exists on the following question of law: "Where a criminal defendant enters a plea of guilty to escape, does res judicata bar the defendant from arguing his plea is void due to a post release control sentencing violation?" *State v. Billiter,* 130 Ohio St.3d 1436, 2011-Ohio-5883, 957 N.E.2d 298. We answer the certified-conflict question in the negative.

## II. Analysis

{¶ 7} "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; *see also State v. Bezak*, 114 Ohio St.3d 94, 2007-

Ohio-3250, 868 N.E.2d 961, ¶ 16; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 (where postrelease notification is absent from the sentencing hearing, the sentence is void and must be vacated and remanded to the trial court for de novo sentencing); *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964).

{¶ 8} In the instant case, the trial court sentenced Billiter in 1998 to a mandatory term of postrelease control of up to a maximum of three years. However, the court should have sentenced Billiter to a mandatory term of five years of postrelease control. If this matter related only to Billiter's 1998 sentence, without difficulty we would apply *Fischer*. But Billiter does not directly challenge his 1998 sentence. Rather, this case involves a certified conflict about whether Billiter can challenge his 2004 guilty plea to the offense of escape on the basis that his 1998 postrelease-control order was void or whether res judicata bars his argument. Thus, this matter requires the court to consider the effect of *Fischer* on a subsequent conviction that is based on an erroneous postrelease-control sentence.

{¶ 9} The state argues that the procedural history of Billiter's case—that is, his guilty plea to escape after failing to challenge any of his convictions and sentences—should compel this court to apply res judicata. The state contends that because Billiter did not attack his 1998 sentence and because trial and appellate courts have already rejected Billiter's challenge to his escape conviction and sentence, under res judicata, he should not be able to raise the issue once more. The state claims that *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, addressed issues on direct appeal only and does not require a different result. Billiter, on the other hand, relies on our case law to argue that the Adult Parole Authority had no authority to supervise him from 2001 to 2004 because the court's 1998 postrelease-control order was void. Billiter contends, therefore, that

4

he is factually innocent, his escape conviction is a legal nullity, and res judicata, which is founded on principles of fairness and justice, cannot apply.

{¶ 10} As we have consistently stated, if a trial court imposes a sentence that is unauthorized by law, the sentence is void. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967). (*Bezak* was later modified by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.) We said in *Fischer* that a void postrelease-control sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack." *Id.* at paragraph one of the syllabus.

{¶ 11} *Fischer* applies to every criminal conviction, including a collateral attack on a void sentence that later results in a guilty plea to the crime of escape. R.C. 2921.34(A)(1) provides:

> No person, knowing the person is under detention, other than supervised release detention, or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

According to R.C. 2921.01(E), "detention" includes "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." *See Woods v. Telb*, 89 Ohio St.3d 504, 511-512, 733 N.E.2d 1103 (2000). Therefore, *Fischer* necessarily applies,

and we therefore follow it in holding that res judicata does not control the law regarding an escape charge to which a defendant pleads guilty after violating the terms of an improperly imposed postrelease control. *See Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30-36; *see also State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus (expressly disfavoring applying res judicata to sentences that do not conform to statutory postrelease-control mandates). Therefore, we hold that if a trial court sentences a defendant to an improper term of postrelease control and the defendant subsequently pleads guilty to violating postrelease control, the defendant is not barred by the principles of res judicata from challenging his conviction.

{¶ 12} Here, the trial court failed to sentence Billiter to a correct term of postrelease control. Accordingly, his sentence was void. *Fischer*, paragraph one of the syllabus. The trial court's incorrect sentence for postrelease control in 1998 was insufficient to confer authority upon the Adult Parole Authority to impose up to three years of postrelease control on Billiter. *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 17. Although the Adult Parole Authority actually did place Billiter under supervision, *see* R.C. 2921.01(E), and Billiter did violate the terms of that postrelease control in violation of R.C. 2921.34(A)(1), Billiter's escape conviction was based on an invalid sentence. Accordingly, the trial court was without jurisdiction to convict him on the escape charge.

{¶ 13} Billiter's conviction and sentence for escape based on a postrelease-control error do not fall outside of the scope of our decision in *Fischer*. Therefore, Billiter is not barred by res judicata from arguing that his plea is void due to the trial court's incorrect imposition of postrelease control.

### III. Conclusion

{¶ 14} When a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier postrelease-control sentencing error.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER and CUPP, JJ., concur.

LANZINGER, J., concurs in part and dissents in part.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

_____

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 15} Not so long ago, res judicata would have barred this action. Now, because of the quagmire created in the void/voidable line of cases, Billiter can arguably claim that he was not under detention because the postrelease portion of his sentence was "void." *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. We can easily avoid the judicial obstacle course arising from the void-sentence doctrine by simply clarifying that mistakes in imposing sentences make the sentence merely voidable—that is, subject to being reversed on direct appeal.

I. The Majority's Decision Undermines Res Judicata

{¶ 16} This should be a simple case. In 1998, Billiter erroneously received a discretionary three years, instead of the mandatory five years, of postrelease control as part of his sentence. Although the sentence was in error, it was voidable, not void, and both Billiter and the state had the right to appeal for 30 days after the sentence was announced. App.R. 4. Of course, Billiter had no motive to appeal, since the shorter monitored period after prison was to his advantage. But the sentence was res judicata. Billiter's later escape charge was based upon his breaking detention within the three-year period of postrelease control to which he had been sentenced, and his later violation of community control led to a new prison term. Finis. *See, e.g.*, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 17-18 (Lanzinger, J., dissenting).

**{¶ 17}** Now, however, Billiter claims that he is innocent of the crime of escape, reasoning that the postrelease portion of his 1998 sentence was "void" by virtue of a line of cases that weaken res judicata by allowing collateral attacks on sentences that fail to correctly follow a statutory mandate. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (latest case redefining the term "void" for purposes of postrelease control). Thus, the argument continues, until he was resentenced, he was not properly under detention. And if he was not under detention, he could not have committed escape, a violation of R.C. 2921.34, which requires that the person be under detention and "purposely break or attempt to break the detention, or purposely fail to return to detention." Billiter now claims that he is serving an unjust sentence and that his guilty plea should be withdrawn.

**{¶ 18}** The majority accepts this argument and holds that Billiter may challenge his 1998 postrelease control order 14 years later, even though he never filed a direct appeal challenging his original 1998 conviction, his June 2004 conviction for escape, or his August 2004 sentence following the revocation of his probation. Rather than encouraging finality in judgments, the court has encouraged collateral attacks of this type. "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Fischer*, paragraph one of the syllabus. To allow collateral attack in addition to appeal undermines the principles of res judicata. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-18.

## II. Problems Continue to Arise After *Fischer*

**{¶ 19}** The majority opinion in this case highlights the shortcomings of the court's decision in *Fischer*. The opinion in *Fischer* explicitly limited its

8

holding to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *Fischer* at ¶ 31. Today, however, the majority has ignored the court's own limitation of *Fischer* by extending the expansion of collateral attack to other sentences. This is not the first time the court has disregarded the limitation of *Fischer*. *See State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus (expanding the *Fischer* analysis in concluding that "[w]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void").

{¶ 20} The fact that we are persistently called upon to address issues arising from the application of *Fischer* demonstrates the problems inherent in the decision.[1] While the majority has not acknowledged that its handling of certain sentencing errors continues to create convoluted consequences, commentators have begun questioning this court's jurisprudence in the area.[2] And despite the majority's statement that its decision is consistent with previous cases, recent history has shown that the court has been anything but clear and consistent in its

---

1. *See, e.g.*, *State v. Lynch*, Supreme Court case No. 2012-1361, 133 Ohio St.3d 1464, 2012-Ohio-5149, 977 N.E.2d 693, notice of appeal of judgment in 9th Dist. No. 11CA010031, 2012-Ohio-2975 (asking this court to accept jurisdiction over the issue whether a trial court has jurisdiction to terminate postrelease control supervision if the defendant has completed his prison term and postrelease control is not properly imposed in a judgment entry, even if the defendant has notice that postrelease control should be a part of his sentence).

2. *See* Falvo, *Survey of Ohio Law: Ohio Supreme Court Decisions: II. Cases Concerning Criminal Procedure: C. Post-Release Control: State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, Decided March 20, 2008*, 35 Ohio N.U.L.Rev. 1182 (2009); McGraw, *"Oh By the Way...": Why the Supreme Court of Ohio Lost Its Way in State of Ohio v. Fisher, 128 Ohio St.3d 92 (2010)*, 80 U.Cin.L.Rev. 567 (2011); Lau, S*urvey of Ohio Law: Ohio Supreme Court Decisions: I. Cases Concerning State and Federal Constitutional Law: E. Sixth Amendment: Criminal Resentencing: State v. Bezak, 114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 718, Decided July 11, 2007*, 34 Ohio N.U.L.Rev. 945 (2008); Medelius, *Survey of Ohio Law: Ohio Supreme Court Decisions: V. Other Criminal Law: A. Appellate Review of Sentencing Errors: State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Decided December 23, 2010*, 37 Ohio N.U.L.Rev. 949 (2011).

postrelease control cases, in which it has followed various lines of reasoning only to change or reverse course when the consequences of this reasoning become unworkable.[3]

{¶ 21} An additional concern raised by this opinion is its apparent resurrection of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d

---

3. *Compare State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984) ("Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void"), *with State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 27 ("When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing"). *Compare Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32 (in the absence of appropriate notification of postrelease control by a trial court and incorporation of postrelease control in its sentencing entry, the Adult Parole Authority is not authorized to put an offender on postrelease control, and if the offender's sentence has expired, the offender is entitled to a writ of habeas corpus) *with Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 51-53 (habeas corpus is not available to contest sentencing entries that erroneously refer to discretionary rather than mandatory postrelease control). *Compare State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus (when postrelease control is not properly included in a sentence, that sentence is void, and the offender is entitled to a new sentencing hearing) *with State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 29 (sentences imposed after improper judicial fact-finding are not void, but voidable). *See also State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus (the state is entitled to a new sentencing hearing to have postrelease control imposed when mandatory postrelease control was not properly included in a sentence); *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 1 (when a defendant seeks to withdraw a guilty plea to a crime that required postrelease control but the trial court failed to impose it, the motion to withdraw the guilty plea must be treated as a presentence motion under Crim.R. 32.1); *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69-72 (discharging a defendant who had received improper notification of postrelease control and had already completed his prison term); *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraphs one and two of the syllabus (for sentences imposed prior to July 11, 2006, in which the trial court failed to properly impose postrelease control, the trial court shall hold a de novo sentencing hearing to correct the sentence, but for sentences imposed on or after July 11, 2006, in which the trial court failed to properly impose postrelease control, the trial court shall follow R.C. 2929.191 to correct the sentence); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26-29, 40 (when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, only *part* of the sentence is void and must be set aside, and res judicata applies to all other non-postrelease-control portions of the sentence. *Bezak* and its progeny are overruled to the extent that those cases required a de novo sentencing hearing to correct sentences in which postrelease control was not properly imposed); *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, syllabus (omission of postrelease control from a sentencing entry can be corrected with a nunc pro tunc entry when a defendant is notified about postrelease control at the sentencing hearing).

961, a case that was partially overruled by *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. The majority cites with approval *Bezak*'s formulation of what "void" means in the postrelease control context:

> As we have consistently stated, if a trial court imposes a sentence that is unauthorized by law, the sentence is void. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967).

Majority opinion at ¶ 10. The majority's move to reaffirm this portion of *Bezak* directly contradicts the principle set forth in *Fischer* that the court claimed it "overlooked in *Bezak*": "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended." *Fischer* at ¶ 28. As the saying goes, the majority cannot have its cake and eat it, too. Either a sentence is "void" as demanded by *Bezak* or "in part void" as reconstituted in *Fischer*. Far from being consistent, the majority is completely baffling in its approach to what "void" means in the postrelease control context.

{¶ 22} Furthermore, the court's decision today raises serious doubts as to the continued vitality of *State v. Jordan*, 124 Ohio St.3d 397, 2010-Ohio-281, 922 N.E.2d 951. *Jordan* held, "To obtain a conviction for escape under R.C. 2921.34(A)(1), the state may prove that the defendant was subject to postrelease

control without proving that during a sentencing hearing the trial court orally notified the defendant that he would be subject to postrelease control." *Id.* at syllabus. In *Jordan*, the trial court's sentencing entry properly imposed a three-year term of postrelease control, but no record existed as to whether the court orally advised him during sentencing that he would be subject to postrelease control. *Id.* at ¶ 3-4. Like Billiter, Jordan failed to comply with the terms of postrelease control and was found guilty of escape in violation of R.C. 2921.34. *Id.* Because the case did not arise as a direct challenge to Jordan's postrelease control via an appeal of his sentence, this court held that the case did not fall under the control of *Bezak* and other postrelease control cases. *Id.* at ¶ 12. Instead, the majority held that ordinary standards regarding the sufficiency of evidence applied. *Id.*

{¶ 23} The *Jordan* court noted that its holding rested upon the fact that there was no evidence that postrelease control was improperly imposed, and it stated that its holding "does not reach the question whether a defendant can be convicted of escape when the evidence affirmatively demonstrates that the Department of Rehabilitation and Correction *lacked* the authority to supervise the accused." (Emphasis sic.) *Id.* at ¶ 14-15. However, given the majority's silence today regarding *Jordan* and its expansion of *Fischer* to this line of cases, it remains unclear whether *Jordan* survives or whether it too has been swallowed by the whale that is *Fischer*.

III. Conclusion

{¶ 24} The implications of the majority's decision are troubling for the doctrine of res judicata. Fourteen years after Billiter's original sentence was announced, this court has now declared it to be void. While in this case, the court's holding works in Billiter's favor, the possibility exists that it could be applied in favor of the state, meaning that if some portion of a defendant's

postrelease control is found to be improper, he or she could be hauled into court 14, 20, or even 50 years after the original sentence had been "finalized."

{¶ 25} The application of *Fischer* in this case is even more problematic than it has been in this court's other postrelease control cases. Before this case, res judicata ruled the day: once Billiter was released from prison and placed on postrelease control, both he and the state knew that he would be subject to the supervision of the APA for three years. If Billiter failed to comply with the terms of his postrelease control, he would face certain consequences, but if he met his requirements for three years, he would no longer be subject to supervision. For his failure to comply, Billiter was indicted on a charge of escape, he pled guilty, and he was sentenced. Today, the majority explodes a settled process, and no one can be certain when a sentence is truly final.

{¶ 26} The *Fischer* majority stated, "[I]t is likely that our work in this regard is drawing to a close, at least for purposes of void sentences." *Id.* at ¶ 31. But two years after that decision was announced, there is no end in sight to the void/voidable conundrum. I agree with the majority opinion to the extent that under current precedent, defendants should be allowed to ignore res judicata to the same extent as the state by collaterally attacking a sentence. However, I continue to dissent fundamentally from this line of cases and would hold that without an appeal by either party, this sentence took effect. Any sentencing error made the sentence voidable, not void, and should have been appealed within 30 days. Otherwise, res judicata demands that the sentence stand.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 27} I respectfully dissent.

13

**{¶ 28}** We accepted this case as a certified conflict from decisions of the Second and Fifth District Courts of Appeals in order to resolve the following question of law: "Where a criminal defendant enters a plea of guilty to escape, does res judicata bar the defendant from arguing his plea is void due to a post release control sentencing violation?"

**{¶ 29}** In my view, our decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, controls the outcome of this case. In *Fischer*, we recognized that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Id.* at ¶ 26. The court further explained, "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at paragraph three of the syllabus. The lesson from *Fischer* is that a sentence is void only to the extent that it fails to impose a statutorily mandated term on an offender.

**{¶ 30}** Here, the error in the sentence is that the trial court imposed an insufficient term of postrelease control—"up to a maximum of three years"—for the 1998 conviction for aggravated burglary when R.C. 2967.28(B) required a five-year mandatory term of postrelease control for a first-degree felony. Nonetheless, the court *did impose* postrelease control to the extent that the sentence complied with the statute—that is, to the extent that it imposed three years of the mandatory five-year term of postrelease control. This is so because the trial court lacked the power to exempt Billiter from postrelease control. As we observed in *Fischer*, "The failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error. It is an act that lacks both statutory and constitutional authority." *Fischer* at ¶ 22.

**{¶ 31}** I therefore cannot agree that imposing a term of postrelease control of insufficient length renders that part of the sentence a "mere nullity," relieving Billiter from supervision required by statute, imposed by the court, and executed by the Adult Parole Authority.

**{¶ 32}** In *Woods v. Telb,* 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), we addressed the constitutional significance of including postrelease control in the sentence, explaining that the Adult Parole Authority may impose postrelease control sanctions only if a trial court incorporates postrelease control into its original sentence. *Id.* at 512-513.

**{¶ 33}** But this case does not involve a situation in which the trial court failed to impose any term of postrelease control, thereby depriving the Adult Parole Authority of the power to execute the sentence and supervise the offender on release. Nor is this a case in which the term of postrelease control expired before the escape occurred or in which the trial court imposed a period of supervision longer than permitted by law.

**{¶ 34}** In contrast to those circumstances, here it is undisputed that Billiter received notice, both at the sentencing hearing and in the sentencing entry, that he would be supervised by the Adult Parole Authority for up to three years after his release from prison. And it is undisputed that he complied with that supervision for almost three years, believing himself to be under detention. Although the sanction is insufficient as a matter of law and subject to correction before completion of the sentence, the trial court nonetheless *actually imposed* a three-year term of postrelease control, the Adult Parole Authority had the authority to execute it, and Billiter therefore committed the crime of escape when he broke his detention.

{¶ 35} Accordingly, because Billiter's conviction for escape is not void, his belated challenge to it is barred by the doctrine of res judicata, and I would affirm the judgment of the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

John D. Ferrero, Stark County Prosecuting Attorney, and Richard Mark Caldwell, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

_____